SUMMARY ORDER

Muhammad Salman, a native and citizen of Pakistan, seeks review of an October 31, 2008, order of the BIA, affirming the July 17, 2007, decision of Immigration Judge (“U”) rp}10mas j Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Muhammad Salman, No. A095 961 989 (B.I.A. Oct. 31, 2008), aff'g No. A095 961 989 (Immig. Ct. N.Y. City Jul. 17, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
With respect to asylum, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency’s finding that an asylum application was untimely under § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review “constitutional claims” and “questions of law.” 8 U.S.C. § 1252(a)(2)(D). Because Salman has not made a constitutional claim or asserted a question of law, we lack jurisdiction to review any challenge to the agency’s denial of his application for asylum. Id.
We thus proceed to review Salman’s challenge to the agency’s denial of his application for withholding of removal and CAT relief. When the BIA affirms the IJ’s decision in all respects but one, this Court reviews the IJ’s decision as modified by the BIA decision, i.e., “minus the single argument for denying relief that was rejected by the BIA.” Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s adverse credibility determination. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (finding that “[e]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder” (citation omitted) (internal quotation marks omitted)). The IJ properly relied on Salman’s hesitant demeanor, inconsistencies in his testimony, an omission in his asylum application, and the implausible nature of his testimony in denying his application for relief. These findings are supported by the record and form the proper basis for an adverse credibility determination. See Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-07 (2d Cir.2006) (per *696 curiam); Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir.2007). Further, a reasonable fact-finder would not be compelled to credit Salman’s explanations for his inconsistent testimony. See Majidi v. Gonzales, 430 F.3d 77, 79-80 (2d Cir.2005).
Because the agency’s adverse credibility finding was supported by substantial evidence, the agency properly denied CAT relief as well, where that claim was based on the same factual predicate. See Xue Hong Yang, 426 F.3d at 523.
For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, and the pending motion for a stay of removal in this petition is DENIED as moot.